Philip J. Wang (SBN 218349)
Law Office of Philip J. Wang
160 Bovet Rd. Ste 310
San Mateo, CA 94402
Tel: 650.521.9020
phil@philwanglaw.com

*Counsel for Plaintiff Precision Concrete Cutting, Inc.*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRECISION CONCRETE CUTTING, Inc., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN PATRICK RIFLEY dba CHANNEL ISLANDS SAWING, CO., an individual; BRYAN PATRICK RIFLEY JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING, an individual,<br><br>Defendants. | **CASE NO.**<br><br>**UNLIMITED JURISDICTION**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Precision Concrete Cutting, Inc. ("Precision"), sues Defendants Bryan Patrick Rifley dba Channel Islands Sawing, Co. and Patrick Rifley Jr., dba Channel Islands Sidewalk Grinding and Channel Islands Sawing ("Defendants"), and for causes of action alleges as follows:

## PARTIES

1. Plaintiff Precision is a Utah corporation having principal executive offices locatedat 3191 North Canyon Road, Provo, Utah 84604.

2. Defendant Bryan Patrick Rifley dba Channel Islands Sawing, Co. upon

information and belief, is an individual residing in 461 Las Palomas Dr., Port Hueneme, CA 93041-1539.

3. Defendant Bryan Patrick Rifley Jr. dba Channel Islands Sidewalk Grinding and Channel Islands Sawing is an individual residing in 461 Las Palomas Dr., Port Hueneme, CA 93041-1539. (Defendants Rifley and Rifley Jr. are collectively referred to herein as "Defendants").

**JURISDICTION AND VENUE**

4. This is a civil action for patent infringement brought by Plaintiff for patent infringement committed by Defendants arising under the patent laws of the United States, and more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284 and 285. Jurisdiction of this court is founded upon 28 U.S.C.§§ 1331 and 1338(a).

5. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c), and/or 1400(b), in that Defendants have solicited licenses in this judicial district, caused injury in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

**COUNT I**

(Infringement of U.S. Patent No. 7.402,005)

6. Plaintiff hereby incorporates the allegations of paragraphs 1 through 5 of this Complaint as though fully set forth herein.

7. U.S. Patent No. 7,402,095 ("the '095 Patent") was issued on July 22, 2008, bearing the title "Method for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit A).

8. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '095 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '095 Patent.

9. Plaintiff has not licensed or otherwise authorized Defendants to practice the '095 Patent.

10. Defendants, directly or through their agents, have infringed and continue to infringe one or more claims of the '095 Patent by making, using, selling, and/or offering to sell,

or allowing others to make, use, sell, and/or offer for sale, in the United States, California, and/or this judicial district, products or services, that are covered by one or more claims of the ‘095 Patent. Defendants are liable for infringement of the ‘095 Patent pursuant to 35 U.S.C. §271.

11. Defendants’ acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants’ wrongful acts in an amount subject to proof at trial.

12. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

13. Upon information and belief, Defendants’ acts of infringement were made or will be made with knowledge of the ‘095 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of judgment that:

A. Defendants have infringed the ‘095 Patent;

B. Defendants account for and pay to Plaintiff all damages caused by their infringement of the ‘095 Patent, and to enhance such damages by three times in light of Defendants’ willful infringement, all in accordance with 35 U.S.C. § 284;

C. Plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants’ patent infringement;

E. The Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. Costs be awarded to Plaintiff; and,

G. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT II**

(Infringement of U.S. Patent No. 7.143.760)

14. Plaintiff hereby incorporates the allegations of paragraphs 1 through 5 of this Complaint as though fully set forth herein.

15. U.S. Patent No. 7,143,760 ("the '760 Patent") was issued on December 5, 2006, bearing the title "Method for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit B).

16. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '760 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '760 Patent.

17. Plaintiff has not licensed or otherwise authorized Defendants to practice the '760 Patent.

18. Defendants, directly or through their agents, have infringed and continue to infringe one or more claims of the '760 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer for sale, in the United States, California, and/or this judicial district, products or services, that are covered by one or more claims of the '760 Patent. Defendants is liable for infringement of the '760 Patent pursuant to 35 U.S.C. §271.

19. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

20. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

21. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '760 Patent. Such acts constitute willful infringement and

make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment that:

A. Defendants have infringed the ‘760 Patent;

B. Defendants account for and pay to Plaintiff all damages caused by its infringement of the ‘760 Patent, and to enhance such damages by three times in light of Defendants’ willful infringement, all in accordance with 35 U.S.C. § 284;

C. Plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants’ patent infringement;

E. The Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. Costs be awarded to Plaintiff; and,

G. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT III**

(Infringement of U.S. Patent No. 7,201,644)

22. Plaintiff hereby incorporates the allegations of paragraphs 1 through 5 of this Complaint as though fully set forth herein.

23. U.S. Patent No. 7,201,644 ("the ‘644 Patent") issued on April 10, 2007, bearing the title “Apparatus for Removing Trip Hazards in Concrete Sidewalks” (See Exhibit C).

24. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '644 Patent, including the right to sue for and recover all past, present and future damages for infringement of the ‘644 Patent.

25. Plaintiff has not licensed or otherwise authorized Defendants to practice the

'644 Patent.

26. Upon information and belief, Defendants, directly or through its subsidiaries, divisions or groups, have infringed and continue to infringe one or more claims of the '644 Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States, California and/or this judicial district, products or services, that are covered by one or more of the claims of the ‘644 Patent. Defendants are liable for infringement of the ‘644 Patent pursuant to 35 U.S.C. § 271.

27. Defendants’ acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants’ wrongful acts in an amount subject to proof at trial.

28. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

29. Upon information and belief, Defendants’ acts of infringement were made or will be made with knowledge of the ‘644 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment that:

A. Defendants have infringed the '644 Patent;

B. Defendants account for and pay to Plaintiff all damages caused by their infringement of the ‘644 Patent, and to enhance such damages by three times in light of Defendants’ willful infringement, all in accordance with 35 U.S.C. § 284;

C. Plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D. Plaintiff be granted pre-judgment and post-judgment interest on the damages

caused to it by reason of Defendants' patent infringement;

E. The Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. Costs be awarded to Plaintiff; and,

G. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT IV

(Infringement of U.S. Patent No. 6.827.074)

30. Plaintiff hereby incorporates the allegations of paragraphs 1 through 5 of this Complaint as though fully set forth herein.

31. U.S. Patent No. 6,827,074 ("the '074 Patent") issued on December 7, 2004, bearing the title "Method and Apparatus for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit D).

32. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '074 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '074 Patent.

33. Plaintiff has not licensed or otherwise authorized Defendants to practice the '074 Patent.

34. Upon information and belief, Defendants, directly or through their agents, have infringed and continue to infringe one or more claims of the '074 Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell, and/or offer for sale, in the United States, California and/or this judicial district, products or services, that are covered by one or more of the claims of the '074 Patent. Defendants are liable for infringement of the '074 Patent pursuant to 35 U.S.C. § 271.

35. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

36. As a consequence of the infringement complained of herein, Plaintiff has been

irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

37. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '074 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment that:

A. Defendants have infringed the '074 Patent;

B. Defendants account for and pay to Plaintiff all damages caused by their infringement of the '074 Patent, and to enhance such damages by three times in light of Defendants' willful infringement, all in accordance with 35 U.S.C. § 284;

C. Plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

E. The Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. Costs be awarded to Plaintiff; and,

G. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

**JURY TRIAL DEMANDED**

Dated: January 22, 2010

LAW OFFICE OF PHILIP J. WANG

By ______________/s/________________
Philip J. Wang
*Attorney for Plaintiff Precision Concrete Cutting, Inc.*