Philip J. Wang (SBN 218349)
Law Office of Philip J. Wang
160 Bovet Rd. Ste 310
San Mateo, CA 94402
Tel: 650.521.9020
phil@philwanglaw.com

*Counsel for Plaintiff Precision Concrete Cutting, Inc.*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PRECISION CONCRETE CUTTING, Inc., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN PATRICK RIFLEY dba CHANNEL ISLANDS SAWING, CO., an individual; BRYAN PATRICK RIFLEY JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING, an individual,<br><br>Defendants. | **CASE NO. C10-00310 JW**<br><br>**UNLIMITED JURISDICTION**<br><br>**AMENDED COMPLAINT FOR:**<br><br>**(1) PATENT INFRINGEMENT;**<br>**(2) FALSE DESCRIPTION/TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. 1125(a);**<br>**(3) DILUTION OF TRADEMARK UNDER THE LANHAM ACT, 15 U.S.C. 1125(c);**<br>**(4) CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT;**<br>**(5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND**<br>**(6) VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Precision Concrete Cutting, Inc. (“Precision”), sues Defendants Bryan Patrick Rifley dba Channel Islands Sawing, Co. and Patrick Rifley Jr., dba Channel Islands Sidewalk Grinding and Channel Islands Sawing (collectively “Defendants”), and for causes of

action alleges as follows:

**I. PARTIES**

1. Plaintiff Precision is a Utah corporation having principal executive offices located at 3191 North Canyon Road, Provo, Utah 84604.

2. Upon information and belief, Defendant Bryan Patrick Rifley dba Channel Islands Sawing, Co. is an individual residing in 461 Las Palomas Dr., Port Hueneme, CA 93041-1539.

3. Upon information and belief, Defendant Bryan Patrick Rifley Jr. dba Channel Islands Sidewalk Grinding and Channel Islands Sawing is an individual residing in 461 Las Palomas Dr., Port Hueneme, CA 93041-1539.

**II. JURISDICTION AND VENUE**

4. Plaintiff brings this action for patent infringement committed by Defendants arising under the patent laws of the United States, and more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284 and 285.

5. Plaintiff further brings this action for false description and trademark infringement committed by Defendants arising under the trademark laws of the United States, and more specifically, under the Lanham Act, 15 U.S.C. §1125(a).

6. Plaintiff further brings this action for trademark dilution committed by Defendants arising under the trademark laws of the United States, and more specifically, under the Lanham Act, 15 U.S.C. §1125(c).

7. Plaintiff further brings this action against Defendants for California common law trademark infringement.

8. Plaintiff further brings this action against Defendants for intentional interference with prospective economic advantage.

9. Plaintiff further brings this action against Defendants for violations of the California Business and Professions Code §§17200 *et seq*.

10. This Court has original subject matter jurisdiction over the patent claims under 28 U.S.C.§§ 1331 and 1338(a) and for the trademark claims under 28 U.S.C. §1338(a) and 15 U.S.C. §1121(a). This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) for the

California statutory and common law claims because these claims are so related to the claims in the original patent and trademark actions that they form a part of the same case or controversy.

11. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c), and/or 1400(b), in that Defendants have solicited licenses in this judicial district, caused injury in this judicial district, and a substantial part of the patent infringement events giving rise to this action occurred in this judicial district.

## III. FACTUAL BACKGROUND

12. Plaintiff Precision owns the rights to several patents regarding methods and apparatuses for using a right-angle grinder motor equipped with a circular concrete cutting blade to slice off trip hazards at the junction of two concrete slabs. These methods and apparatuses were invented because their inventor had become frustrated with the poor results obtained by the use of conventional trip hazard removal machinery and methods and invented a faster, less expensive and more aesthetically-pleasing way to remove trip hazards.

13. In 2002, Precision began to sell franchises with licenses to practice the inventions related to saw-cutting disclosed in Precision's patents. Precision currently has 26 franchises in 19 states throughout the continental United States. Each of these franchise territories is independently owned and operated and receives proprietary manuals, equipment, and training from Precision.

14. Precision has been using the service marks "Precision Concrete Cutting" and "Trip Hazard Removal Specialist" since January 1, 2002. In addition, Precision has been using a service mark illustrating a stick figure tripping over a sidewalk hazard since February 2005. All three of these marks are valid and distinctive. Precision uses all of these marks on their website and in their marketing literature.

15. Precision has applied for trademark registration with the United States Patent and Trademark Office ("USPTO") for its "Precision Concrete Cutting" and "Trip Hazard Removal Specialists" service marks. Precision is in the process of preparing an application for trademark registration with the USPTO for its mark illustrating a stick figure tripping over a sidewalk hazard.

16. In or around 2008, Defendants began to imitate Precision's patented methods and trademarks. Defendants began to describe their service as concrete "sawing" or "saw-cutting." At about the same time, Defendants began to misappropriate Precision's service marks. At no time has Precision granted Defendants the right to use Precision's marks.

17. Defendants' current website, http://cisidewalkgrinding.com/, uses Precision's service marks liberally. Defendants' homepage states at the top that Channel Islands is "Your Trip Hazard Removal Specialist." An illustration of a stick figure tripping over a sidewalk hazard is also prominently displayed at the top of the homepage. Defendants' website also has links to advertisements announcing that they offer "Precision Concrete Cutting." Use of these services marks confuses customers, leading them to believe erroneously that Defendants either are Precision or are able to offer Precision's patented technologies.

18. In addition to this use of Precision's service marks on its website and in its advertisements, Defendants' website contains embedded metatags for Precision's "Precision Concrete Cutting" service mark. Inclusion of this metatag confuses customers looking for Precision, as it causes them to reach Defendants' website instead.

19. Between 2003 and 2008, the City of San Diego awarded sole-sourced contracts to Precision's San Diego franchise every year. In 2008, the City of San Diego issued a memo stating that the contract could be sole-sourced to Precision's San Diego franchise through 2020, eliminating the need to have bidding each year. Each contract was worth between $200,000 and $350,000 a year.

20. In 2009, Defendants repeatedly contacted the City of San Diego and represented that Precision's patents were worthless and had been successfully challenged "up north." Channel Islands also represented erroneously that they could perform the exact same concrete saw cutting service as Precision. Based on these misrepresentations, the City of San Diego informed Precision that the contracts would no longer be sole-sourced and would instead be awarded through traditional bids.

21. As a direct and proximate result of Defendants' misrepresentations, the City of San Diego adopted a slower, traditional bidding system and San Diego did not award any

contracts for saw-cutting in 2009 and has yet to award a contract in 2010.

## IV. COUNT I
## (Infringement of U.S. Patent No. 7,402,095)

22. Plaintiff hereby incorporates the allegations of paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. U.S. Patent No. 7,402,095 ("the '095 Patent") was issued on July 22, 2008, bearing the title "Method for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit A).

24. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '095 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '095 Patent.

25. Plaintiff has not licensed or otherwise authorized Defendants to practice the '095 Patent.

26. Defendants, directly or through their agents, have infringed and continue to infringe one or more claims of the '095 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer for sale, in the United States, California, and/or this judicial district, products or services, that are covered by one or more claims of the '095 Patent. Defendants are liable for infringement of the '095 Patent pursuant to 35 U.S.C. §271.

27. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

28. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

29. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '095 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

**V. COUNT II**
**(Infringement of U.S. Patent No. 7,143,760)**

30. Plaintiff hereby incorporates the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. U.S. Patent No. 7,143,760 ("the '760 Patent") was issued on December 5, 2006, bearing the title "Method for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit B).

32. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '760 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '760 Patent.

33. Plaintiff has not licensed or otherwise authorized Defendants to practice the '760 Patent.

34. Defendants, directly or through their agents, have infringed and continue to infringe one or more claims of the '760 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer for sale, in the United States, California, and/or this judicial district, products or services, that are covered by one or more claims of the '760 Patent. Defendants is liable for infringement of the '760 Patent pursuant to 35 U.S.C. §271.

35. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

36. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

37. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '760 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

**COUNT III**
**(Infringement of U.S. Patent No. 7,201,644)**

38. Plaintiff hereby incorporates the allegations of paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. U.S. Patent No. 7,201,644 ("the '644 Patent") issued on April 10, 2007, bearing the title "Apparatus for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit C).

40. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '644 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '644 Patent.

41. Plaintiff has not licensed or otherwise authorized Defendants to practice the '644 Patent.

42. Upon information and belief, Defendants, directly or through its subsidiaries, divisions or groups, have infringed and continue to infringe one or more claims of the '644 Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States, California and/or this judicial district, products or services, that are covered by one or more of the claims of the '644 Patent. Defendants are liable for infringement of the '644 Patent pursuant to 35 U.S.C. § 271.

43. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

44. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

45. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '644 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

**COUNT IV**
**(Infringement of U.S. Patent No. 6,827,074)**

46. Plaintiff hereby incorporates the allegations of paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. U.S. Patent No. 6,827,074 ("the '074 Patent") issued on December 7, 2004, bearing the title "Method and Apparatus for Removing Trip Hazards in Concrete Sidewalks" (See Exhibit D).

48. Plaintiff is the owner, by valid assignment, of all right, title and interest in and to the '074 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '074 Patent.

49. Plaintiff has not licensed or otherwise authorized Defendants to practice the '074 Patent.

50. Upon information and belief, Defendants, directly or through their agents, have infringed and continue to infringe one or more claims of the '074 Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell, and/or offer for sale, in the United States, California and/or this judicial district, products or services, that are covered by one or more of the claims of the '074 Patent. Defendants are liable for infringement of the '074 Patent pursuant to 35 U.S.C. § 271.

51. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

52. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

53. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '074 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced

damages and reasonable attorneys' fees.

## VI. COUNT V

**(Trademark Infringement/False Description: Lanham Act, 15 U.S.C. § 1125(a))**

54. Plaintiff hereby incorporates the allegations of paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Defendants' use of the Precision's service mark "Precision Concrete Cutting" comprises a false description of Defendants' services and an infringement of Precision's trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' services, causing irreparable harm to Precision for which there is no adequate remedy at law. By reason of the foregoing acts, Defendants are liable to Precision for trademark infringement under 15 U.S.C. § 1125(a).

56. Defendants' use of the Precision's service mark "Trip Hazard Removal Specialists" comprises a false description of Defendants' services and an infringement of Precision's trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' services, causing irreparable harm to Precision for which there is no adequate remedy at law. By reason of the foregoing acts, Defendants are liable to Precision for trademark infringement under 15 U.S.C. § 1125(a).

57. Defendants' use of the Precision's service mark comprising an illustration of a stick figure tripping over a sidewalk hazard comprises a false description of Defendants' services and an infringement of Precision's trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' services, causing irreparable harm to Precision for which there is no adequate remedy at law. By reason of the foregoing acts, Defendants are liable to Precision for trademark infringement under 15 U.S.C. § 1125(a).

## COUNT VI

**(Dilution of Trademark: Lanham Act, 15 U.S.C. § 1125(c))**

58. Plaintiff hereby incorporates the allegations of paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Defendants' use of the Precision's service mark "Precision Concrete Cutting"

causes dilution of the distinctive quality of Precision's famous trademark. Defendants' use of Precision's mark began after this mark became famous and Defendants' use was willfully intended to trade on Precision's reputation. Such dilution of Precision's mark has caused and will continue to cause irreparable harm to Precision for which there is no adequate remedy at law. By reason of the foregoing acts, Defendants are liable to Precision for trademark dilution under 15 U.S.C. § 1125(c).

60. Defendants' use of the Precision's service mark "Trip Hazard Removal Specialists" causes dilution of the distinctive quality of Precision's famous trademark. Defendants' use of Precision's mark began after this mark became famous, and Defendants' use was willfully intended to trade on Precision's reputation. Such dilution of Precision's mark has caused and will continue to cause irreparable harm to Precision for which there is no adequate remedy at law. By reason of the foregoing acts, Defendants are liable to Precision for trademark dilution under 15 U.S.C. § 1125(c).

61. Defendants' use of the Precision's service mark comprising an illustration of a stick figure tripping over a sidewalk hazard causes dilution of the distinctive quality of Precision's famous trademark. Defendants' use of Precision's mark began after this mark became famous, and Defendants' use was willfully intended to trade on Precision's reputation. Such dilution of Precision's mark has caused and will continue to cause irreparable harm to Precision for which there is no adequate remedy at law. By reason of the foregoing acts, Defendants are liable to Precision for trademark dilution under 15 U.S.C. § 1125(c).

## COUNT VII
## (California Common Law Trademark Infringement)

62. Plaintiff hereby incorporates the allegations of paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. Defendants' use of Precision's service mark "Precision Concrete Cutting" comprises common law infringement of Precision's trademark under California common law. Precision's use of its mark is prior to that of Defendants, and Defendants' use of this mark is likely to cause confusion, mistake and deception of the public as to the identity and origin of

Defendants' services. By reason of the foregoing acts, Defendants are liable to Precision for common law trademark infringement under California common law.

64. Defendants' use of Precision's service mark "Trip Hazard Removal Specialists" comprises common law infringement of Precision's trademark under California common law. Precision's use of this mark is prior to that of Defendants, and Defendants' use of this mark is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' services. By reason of the foregoing acts, Defendants are liable to Precision for common law trademark infringement under California common law.

65. Defendants' use of Precision's service mark comprising an illustration of a stick figure tripping over a sidewalk hazard comprises common law infringement of Precision's trademark under California common law. Precision's use of this mark is prior to that of Defendants, and Defendants' use of this mark is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' services. By reason of the foregoing acts, Defendants are liable to Precision for common law trademark infringement under California common law.

## COUNT VIII
## (Intentional Interference with Prospective Economic Advantage)

66. Plaintiff hereby incorporates the allegations of paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67. There was an established economic relationship between Precision and the City of San Diego that included the strong probability of future economic benefit to Precision.

68. Defendants knew of this relationship.

69. Defendants took acts intentionally designed to disrupt this relationship and thereby gain economic advantage by wrongly alleging that Precision's patents had been found invalid and that Defendants could perform Precision's patented techniques.

70. These intentional acts on the part of the Defendants disrupted the economic relationship between Precision and the City of San Diego, by causing San Diego to institute a competitive bidding procedure rather than awarding Precision sole-sourced contracts through

2020.

71. As a result of this disruption, Defendants proximately caused economic harm to Precision, in an amount to be determined at trial.

**COUNT IX**
**(Violation of California Business & Professions Code §§ 17200 *et seq.*)**

72. Plaintiff hereby incorporates the allegations of paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73. Defendants actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code §§ 17200 *et seq*. Defendants unfair and illegal business practices include, but are not limited to, infringing Precision's patents, infringing and diluting Precision's trademarks, and intentionally interfering with Precision's prospective economic advantage. These acts are wrongful in themselves, have given Defendants an unfair advantage over Precision, and have the potential to confuse consumers.

74. Pursuant to California Business and Professions Code §17203, Precision is entitled to permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for entry of judgment that:

1. **Patent Infringement:**

A. Defendants have infringed the '095 Patent;

B. Defendants account for and pay to Plaintiff all damages caused by their infringement of the '095 Patent, and to enhance such damages by three times in light of Defendants' willful infringement, all in accordance with 35 U.S.C. § 284;

C. Defendants have infringed the '760 Patent;

D. Defendants account for and pay to Plaintiff all damages caused by its infringement of the '760 Patent, and to enhance such damages by three times in light of Defendants' willful infringement, all in accordance with 35 U.S.C. § 284;

E. Defendants have infringed the ’644 Patent;

F. Defendants account for and pay to Plaintiff all damages caused by their infringement of the ’644 Patent, and to enhance such damages by three times in light of Defendants’ willful infringement, all in accordance with 35 U.S.C. § 284;

G. Defendants have infringed the ’074 Patent;

H. Defendants account for and pay to Plaintiff all damages caused by their infringement of the ’074 Patent, and to enhance such damages by three times in light of Defendants’ willful infringement, all in accordance with 35 U.S.C. § 284;

I. Plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

J. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants’ patent infringement;

K. The Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys’ fees in accordance with 35 U.S.C. § 285;

L. Costs be awarded to Plaintiff; and,

M. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**2. False Description/Trademark Infringement**

A. Plaintiff’s marks are valid and enforceable under the Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*.;

B. Defendants’ use of Plaintiff’s marks “Precision Concrete Cutting,” “Trip Hazard Removal Specialists,” and the illustration of a stick figure tripping over a sidewalk hazard constitutes false description and trademark infringement under 15 U.S.C. § 1125(a);

C. Pursuant to 15 U.S.C. § 1116(a), Defendants be permanently enjoined from using Precision’s service marks “Precision Concrete Cutting,” “Trip Hazard Removal Specialists,” and the illustration of a stick figure tripping over a sidewalk hazard, as well as any mark that imitates or is confusingly similar to or in anyway similar to Precision’s marks, or that

is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Precision's services or their connectedness to Defendant;

D. Defendants be required to file with the Court and serve on Precision within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

E. Pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Precision resulting from the acts alleged herein and be compelled to account to Precision for any and all profits derived by it from its illegal acts complained of herein;

F. The Court declare this to be an exceptional case and award Precision its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

G. The Court grant Precision any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

H. For such and other further relief that the court deems just and proper.

**3. Trademark Dilution**

A. Precision's marks are famous marks, entitled to protection under the Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*.;

B. Defendants' use of Precision's marks "Precision Concrete Cutting," "Trip Hazard Removal Specialists," and the stick figure tripping over a sidewalk hazard constitutes trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c);

C. Defendants' use of Precision's marks was willfully done to trade on Precision's reputation under 15 U.S.C. § 1125(c)(2);

D. Defendants be permanently enjoined from using Precision's service marks "Precision Concrete Cutting", "Trip Hazard Removal Specialists", and the stick figure tripping over a sidewalk hazard, as well as any similar mark that dilutes the distinctiveness of Precision's famous marks;

E. Pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Precision resulting from the acts alleged herein and be compelled to account to Precision for any and all profits derived by it from its illegal acts complained of herein;

F. The Court declare this to be an exceptional case and award Precision its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

G. The Court grant Precision any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

H. For such and other further relief that the court deems just and proper.

**4. Common Law Trademark Infringement**

A. Precision's use of the marks "Precision Concrete Cutting," "Trip Hazard Removal Specialists," and the stick figure tripping over a sidewalk hazard are prior to that of Defendants and valid and protectable under California common law;

B. Defendants' use of these marks creates a likelihood of confusion such that Defendants' use of these marks constitutes trademark infringement under California common law;

C. Defendants be permanently enjoined from using Precision's service marks "Precision Concrete Cutting", "Trip Hazard Removal Specialists", and the illustration of a stick figure tripping over a sidewalk hazard, as well as any mark that imitates or is confusingly similar to or in anyway similar to Precision's marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendants' services or their connectedness to Plaintiff;

D. Precision be awarded damages in an amount to be proven at trial, attorneys' fees, costs, and all other remedies available; and

E. Precision be granted such other and further relief as the Court may deem just and proper under the circumstances.

**5. Intentional Interference with Prospective Economic Advantage**

A. Defendants have intentionally interfered with Precision's prospective economic advantage;

B. Defendants' acts proximately caused injury to Precision;

C. Precision be awarded damages in an amount to be proven at trial, attorneys' fees, costs, and all other remedies available;

D. Precision be granted such other and further relief as the Court may deem just and proper under the circumstances.

**6. Violations of California Business and Professions Code §§ 17200 *et. seq*.**

A. Defendants' conduct constitutes a violation of California Business & Professions Code §§ 17200 *et seq*. as set forth above;

B. Pursuant to California Business & Professions Code § 17203 and the equitable powers of this Court, Defendants be ordered to restore to Plaintiff all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business & Professions Code §§ 17200 *et seq*.;

C. Pursuant to California Business & Professions Code § 17203, Defendants be enjoined from all further unlawful or fraudulent actions against Plaintiff including, but not limited to, infringing Plaintiff's patents, infringing Plaintiff's trademarks, unfair competition, diluting Plaintiff's trademarks, and interfering with Plaintiff's current contracts or with Plaintiff's prospective economic advantage;

D. Plaintiff be awarded damages in an amount to be proven at trial, attorneys' fees, costs, and all other remedies available pursuant to California Business & Professions Code §§ 17200 *et seq;* and

E. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: March 15, 2010

LAW OFFICE OF PHILIP J. WANG

By: /s/

Philip J. Wang
*Attorney for Plaintiff Precision Concrete Cutting, Inc.*