Philip J. Wang (SBN 218349)
Law Office of Philip J. Wang
160 Bovet Rd. Ste 310
San Mateo, CA 94402
Tel: 650.521.9020
*phil@philwanglaw.com*

Ramon L. Pizarro (admitted *Pro Hac Vice*, Colorado SBN 21400)
Law Office of Ramon L. Pizarro
3515 South Tamarac Drive, Ste. 200
Denver, CO 80237
Tel: 303.779.9551
*ramon@ramonpizarro.com*

*Counsel for Plaintiff Precision Concrete Cutting, Inc.*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PRECISION CONCRETE CUTTING, Inc., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN PATRICK RIFLEY dba CHANNEL ISLANDS SAWING, CO., an individual; BRYAN PATRICK RIFLEY JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING, an individual,<br><br>Defendants. | **CASE NO. C10-00310 RS**<br><br>**PLAINTIFF PRECISION CONCRETE CUTTING, INC'S ANSWER TO COUNTERCLAIMS** |

Plaintiff, Precision Concrete Cutting, Inc. ("Precision") hereby answers Defendants and Counterclaimants Bryan Patrick Rifley ("Rifley, Sr.") and Bryan Patrick Rifley, Jr. dba Channel Islands Sidewalk Grinding and Channel Islands Sawing ("Rifley, Jr.") hereby asserts that Precision denies any and all allegations contained in the Counterclaim not specifically admitted herein, and further replies and answers Defendants' Counterclaims as follows:

1. Paragraph 1 of the Counterclaims is an inclusion clause that does not require a response.

**Parties**

2. Admitted.

3. Plaintiff admits that Rifley, Jr. is a resident of California and that Rifley, Jr. does business or has done business as Channel Islands Sawing and Channel Islands Sidewalk Grinding. Plaintiff lacks sufficient information to admit or deny any other allegation in Paragraph 3 of Defendants' counterclaims, and therefore denies the same.

4. Admitted.

**Jurisdiction and Venue**

5. Admitted.

6. Admitted.

7. Admitted.

**Factual Background**

8. Admitted.

9. Plaintiff admits that Rifley, Jr. and Rifley, Sr. work together in Rifley, Jr.'s business, which is an unincorporated enterprise. Plaintiff lacks sufficient information to admit or deny any other allegation in Paragraph 9 of Defendants' counterclaims, and therefore denies the same.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Plaintiff admits that its Complaint presents a justiciable case or controversy. Plaintiff denies any and all other allegations found in Paragraph 17 of the

Counterclaims.

**Answer to First Counterclaim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 7,402,095)

18. Paragraph 18 of the Counterclaims is an inclusion clause that does not require a response.

19. Denied.

20. Denied.

**Answer to Second Counterclaim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 7,143,760)

21. Paragraph 21 of the Counterclaims is an inclusion clause that does not require a response.

22. Denied.

23. Denied.

**Answer to Third Counterclaim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 7,201,644)

24. Paragraph 24 of the Counterclaims is an inclusion clause that does not require a response.

25. Denied.

26. Denied.

**Answer to Fourth Counterclaim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 6,827,074)

27. Paragraph 27 of the Counterclaims is an inclusion clause that does not require a response.

28. Denied.

29. Denied.

**Answer to Fifth Counterclaim for Relief**

(Declaration of Invalidity of U.S. Patent No. 7,402,095 by Counterclaimant Rifley, Jr.)

30. Paragraph 30 of the Counterclaims is an inclusion clause that does not

require a response.

31. Denied.

**Answer to Sixth Counterclaim for Relief**

(Declaration of Invalidity of U.S. Patent No. 7,143,760 by Counterclaimant Rifley, Jr.)

32. Paragraph 32 of the Counterclaims is an inclusion clause that does not require a response.

33. Denied.

**Answer to Seventh Counterclaim for Relief**

(Declaration of Invalidity of U.S. Patent No. 7,201,644 by Counterclaimant Rifley, Jr.)

34. Paragraph 34 of the Counterclaims is an inclusion clause that does not require a response.

35. Denied.

**Answer to Eighth Counterclaim for Relief**

(Declaration of Invalidity of U.S. Patent No. 6,827,074 by Counterclaimant Rifley, Jr.)

36. Paragraph 36 of the Counterclaims is an inclusion clause that does not require a response.

37. Denied.

**Prayer For Relief**

WHEREFORE, Precision prays for judgment against Defendants as follows:

A. For a judgment dismissing Defendants' Counterclaims with prejudice;

B. For an award of attorney's fees, costs, and expenses in this action; and

C. For such further relief as this Court deems just and proper.

LAW OFFICE OF PHILIP J. WANG
Philip J. Wang

LAW OFFICE OF RAMON L. PIZARRO
s/Ramon Pizarro
Ramon L. Pizarro (admitted *Pro Hac Vice*)
*Attorneys for Plaintiff and Counterclaim Defendant*
PRECISION CONCRETE CUTTING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFF PRECISION CONCRETE CUTTING, INC'S ANSWER TO COUNTERCLAIMS** to be served, via Electronic Noticing, via this Court's CM/ECF system, on this 4th day May, 2010 to the foregoing:

Julie S. Turner
*turner@turnerboyd.com*
Karen I Boyd
*Boyd@turnerboyd.com*
Turner Boyd LLP
2625 Middlefield Road #675
Palo Alto, California 94306

s/Ramon Pizarro ____
Ramon L. Pizarro