MONICA CRUZ THORNTON (SBN 131446)
mthornton@selmanbreitman.com
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025
Telephone: (310) 445-0800
Facsimile: (310) 473-2525

Julie S. Turner (State Bar No. 191146)
turner@turnerboyd.com
Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
TURNER BOYD LLP
2625 Middlefield Rd. #675
Palo Alto, California 94306
Telephone: (650) 494-1530
Facsimile: (650) 472-8028

Attorneys for Defendants and Counterclaimants BRYAN PATRICK RIFLEY dba CHANNEL ISLANDS SAWING, CO., an individual; BRYAN PATRICK RIFLEY JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECISION CONCRETE CUTTING, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN PATRICK RIFLEY dba CHANNEL ISLANDS SAWING, CO., an individual; BRYAN PATRICK RIFLEY JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING, an individual,<br><br>Defendants. | CASE NO. 3:0-CV-00310 RS<br><br>Judge: Hon. Hon. Richard Seeborg<br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** |

Defendants BRYAN PATRICK RIFLEY ("Rifley, Sr.") and BRYAN PATRICK RIFLEY, JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING ("Rifley, Jr."), and BPR, INC., dba



Selman Breitman LLP
ATTORNEYS AT LAW

Channel Islands Sidewalk Grinding (collectively "Defendants"), by and through their undersigned counsel, answer Plaintiff PRECISION CONCRETE CUTTING, Inc.'s ("PCC") Second Amended Complaint, as follows:

Defendants deny generally and specifically each and every allegation set forth in the amended Complaint, unless stated otherwise below.

1. Regarding the allegations contained in Paragraph 1 of the Second Amended Complaint Defendants lack sufficient knowledge and information on which to form an admission or a denial, and therefore deny the same.

2. Defendants deny that Rifley, Sr. does business as Channel Islands Sawing but otherwise admit the remaining allegations contained in Paragraph 2 of the Second Amended Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Second Amended Complaint.

4. Defendants deny that Defendant BPR's principal place of business is as alleged but admit the balance of the allegations contained in Paragraph 4 of the Second Amended Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Second Amended Complaint.

8. Defendants admit the allegations contained in Paragraph

8 of the Second Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Second Amended Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Second Amended Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Second Amended Complaint.

12. Regarding the allegations contained in Paragraph 12 of the Second Amended Complaint, Defendants admit that personal jurisdiction is proper as to Defendants and that venue is proper as to Rifley, Jr. and BPR but otherwise deny the remaining allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Regarding the allegations contained in Paragraph 13 of the Second Amended Complaint Defendants lack sufficient knowledge and information on which to form an admission or a denial, therefore deny the same.

14. Regarding the allegations contained in Paragraph 14 of the Second Amended Complaint Defendants lack sufficient knowledge and information on which to form an admission or a denial, therefore deny the same.

15. Regarding the allegations contained in Paragraph 15 of the Second Amended Complaint Defendants lack sufficient knowledge and information on which to form an admission or a denial, therefore deny the same.

16. Regarding the allegations contained in Paragraph 16 of the Second Amended Complaint Defendants lack sufficient knowledge

and information on which to form an admission or a denial, therefore deny the same.

17. Defendants admit that Plaintiff has not granted Defendants the right to use Plaintiff's purported marks, but otherwise deny the remaining allegations contained in Paragraph 17 of the Second Amended Complaint.

18. Defendants admit that BPR was incorporated in and around June 2009 and that its website is http://www.citisidewalkgring.com, but deny the balance of the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Defendants admit that their website http://www.citisidewalkgring.com does have a homepage that states "Your Trip Hazard Removal Specialist," that an image of a stick figure appears on the homepage, and that there is one advertisement brochure available from Defendants' website that states "Repair dangerous and unsightly sidewalk hazards at a mere fraction of the cost of entire sidewalk replacement with CISG's precision concrete grinding process that levels walking paths with ease." Defendants otherwise deny the remaining allegations contained in Paragraph 19 of the Second Amended Complaint.

20. Defendants admit that their website http://www.citisidewalkgring.com does utilize metatags that include "Channel Islands Sidewalk Grinding, concrete grinding, concrete cutting, sidewalk grinding, sidewalk safety, trip hazards, trip hazard removal, sidewalk hazards, sidewalk replacement, sidewalk repair, uneven sidewalks, concrete

scarification, concrete grinder, lifted sidewalks, safety hazards, flow line channeling, flowline drilling, gutter, water drainage, west nile virus prevention, sidewalk survey, precision concrete cutting, cut trip hazards, hazards, trip, flowline grinding, drainage improvement, A.D.A. standards and CISG," but otherwise deny the remaining allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Regarding the allegations contained in Paragraph 21 of the Second Amended Complaint, Defendants lack sufficient knowledge and information on which to form an admission or a denial, and therefore deny the same.

22. Defendants admit that they communicated to the City of San Diego that they could provide concrete grinding services for the municipality, but otherwise deny the allegations contained in Paragraph 22 of the Second Amended Complaint. Defendants lack sufficient knowledge and information on which to form an admission or a denial as to what the City of San Diego representatives told PCC.

23. Defendants deny the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Regarding Paragraph 24 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-23 above, as though fully set forth herein.

25. Defendants admit the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Regarding the allegations contained in Paragraph 26 of the Second Amended Complaint, Defendants lack sufficient

knowledge and information on which to form an admission or a denial, and therefore deny the same.

27. Defendants admit the allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Second Amended Complaint.

32. Regarding Paragraph 32 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-31 above, as though fully set forth herein.

33. Defendants admit the allegations contained in Paragraph 33 of the Second Amended Complaint.

34. Regarding the allegations contained in Paragraph 32 of the Amended Complaint, Defendants lack sufficient knowledge and information on which to form an admission or a denial, and therefore deny the same.

35. Defendants admit the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Second Amended Complaint.

40. Regarding Paragraph 40 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-39, above, as though fully set forth herein.

41. Defendants deny the allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint.

44. Regarding Paragraph 44 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-44, above, as though fully set forth herein.

45. Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Second Amended Complaint.

48. Regarding Paragraph 48 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-47, above, as though fully set forth herein.

49. Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Second Amended Complaint.

52. Regarding Paragraph 52 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-51, above, as though fully set forth herein.

53. Regarding the allegations contained in Paragraph 53 of the Second Amended Complaint, Defendants lack sufficient knowledge and information on which to form an admission or denial and therefore, deny the same.

54. Defendants admit that they had knowledge of an economic relationship between PCC and the City of San Diego, but otherwise deny the remaining allegations contained in Paragraph 68 of the Second Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Second Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Second Amended Complaint.

58. Regarding Paragraph 57 of the Second Amended Complaint, Defendants hereby incorporate their responses given for Paragraphs 1-57, above, as though fully set forth herein.

59. Defendants deny the allegations contained in Paragraph 59 of the Second Amended Complaint.

60. Defendants deny the allegations contained in Paragraph

60 of the Second Amended Complaint.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief enumerated in its prayer for relief in its entirety and assert the following:

**ADDITIONAL DEFENSES**

Defendants, for their additional defenses to the Second Amended Complaint, allege as follows:

61. One or more claims for relief in the Second Amended Complaint fails to state a claim upon which relief may be granted.

62. One or more claims for relief in the Second Amended Complaint are barred by the equitable doctrine of laches.

63. Defendants have not infringed any valid claim of U.S. Patent Nos. 7,402,095 and 7,143,760; and any patents that could be inferred or construed as related thereto under this Complaint collectively "PCC Patents"), either literally, directly, contributorily, by inducement, or under the doctrine of equivalents, nor have Defendants committed any act that gives rise to liability for infringement of the PCC Patents, and Defendants are without any liability to Plaintiff.

64. Each claim of the PCC Patents is invalid for failure to comply with 35 U.S.C. §§ 102, 103 and/or 112.

65. PCC's use of PRECISION CONCRETE CUTTING, TRIP HAZARD REMOVAL SPECIALISTS and stick figure illustration (collectively, "PCC Asserted Marks") do not constitute valid and protectable trademarks under the Lanham Act or California common law, and

Defendants have not infringed the PCC Asserted Marks.

66. One or more claims for relief in the Second Amended Complaint are barred because PCC failed to give Defendants, and the public in general, adequate notice that it claimed trademark rights in the PCC Asserted Marks.

67. One or more claims for relief in the Second Amended Complaint are barred because none of the PCC Asserted Marks is famous.

68. One or more claims for relief in the Second Amended Complaint are barred because Defendants' adoption and use of its advertising materials constituted a fair use.

69. One or more claims for relief in the Second Amended Complaint are barred because Defendants' alleged conduct in relation to the intentional interference with prospective economic advantage claim did not violate a constitutional, statutory, regulatory, common law, or other determinable legal standard.

70. One or more claims for relief in the Second Amended Complaint are barred because Defendants' alleged conduct is protected by the First Amendment to the United States Constitution and the California Constitution, Art. I, § 1.

71. One or more claims for relief in the Second Amended Complaint are barred because Defendants' alleged conduct was justified.

72. One or more claims for relief in the Second Amended Complaint are barred because Defendants' alleged conduct was privileged under California Civil Code § 47(b).

73. One or more claims for relief in the Second Amended Complaint are barred because Defendants' alleged conduct in relation to the intentional interference with prospective economic advantage claim was privileged under the *Noerr-Pennington* doctrine.

74. One or more claims for relief in the Second Amended Complaint are barred because PCC does not have legal standing to assert its claim that Defendants allegedly intentionally interfered with the prospective economic advantage of a PCC franchisee.

75. One or more claims for relief in the Second Amended Complaint are barred because any competition in which Defendants engaged was fair competition.

76. One or more claims for relief in the Second Amended Complaint are barred because Defendants' alleged act or practice in relation to the unfair competition claim was not unlawful, fraudulent, or unfair.

77. Plaintiffs unfair competition claim is barred because it is preempted by federal law.

78. One or more claims for relief in the Second Amended Complaint are barred under the doctrine of equitable estoppel.

79. One or more claims for relief in the Second Amended Complaint are barred because Defendants acted in good faith.

80. One or more claims for relief in the Second Amended Complaint are barred because PCC acted with unclean hands.

81. One or more claims for relief in the Second Amended Complaint are barred because Defendants first adopted use of its

advertising materials for its concrete grinding services before PCC sought registration of the PCC Asserted Marks. Defendants have lawfully and continuously used their advertising materials in California since the date of first adoption.

## Jurisdiction and Venue

1. This Court has original jurisdiction of the counts for patent infringement pursuant to one or both of 28 U.S.C. §§ 1331 and 1338(a) in that the counts for patent infringement arise under the patent laws of the United States including title 35 U.S.C. §§ 271 & 281, et seq., and more specifically, 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289. Jurisdiction is further conferred for declaratory judgment actions under 28 U.S.C. §§ 2201 and 2202.

2. This Court has personal jurisdiction over PCC by virtue of its continuous, ongoing and systematic contacts with the State of California.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## Factual Background

4. As of March 2001, over a year prior to the filing of the parent '074 patent, M. Ballard Gardner, the named inventor on the asserted patents, was reported to have cut over 1,000 miles of trip hazards using the methods and device he and PCC would later patent.

5. According to documents filed with the Securities and Exchange Commission ("SEC") in 2001, "Mr. Gardner developed the cutting system in 1991, and has been successfully using it to

service state, county, and municipal facilities, as well as private entities in Utah ever since."

6. Neither the inventor nor PCC appears to have informed the USPTO about the inventor's extensive performance, sale, and use of his patented device and methods before the critical date.

7. In 2001 or early 2002, a company named Datigen purchased from Mr. Ballard Gardner the assets Mr. Gardner used in the business of trip hazard removal and concrete cutting. The assets acquired consist primarily of equipment and supplies used in the trip hazard removal business, ongoing customer accounts, and methods of operation.

8. When Datigen purchased the assets of Ballard Gardner, Mr. Gardner had not yet filed any patents. Datigen purchased the inventor's assets in order to sell franchises and pursue the business of trip hazard removal under the service name Precision Concrete Cutting, the current assignees of the asserted patents.

9. Upon information and belief, after acquiring the assets of the Mr. Gardner, and even though Datigen/PCC knew Mr. Gardner had been selling and practicing the later-claimed inventions "since 1991," Datigen/PCC paid for the filing and prosecution of all of PCC's patents.

10. Datigen/PCC failed to inform the USPTO about Mr. Gardner's performance and sale of his patented device and methods before the critical date.

11. PCC/Datigen currently financially benefits from both its many patent-enforcement actions and its patent-based trip hazard franchise, and PCC actively and aggressively prevents

others from performing professional trip hazard removal.

12. PCC has filed patent infringement litigation lawsuits based on fraudulently obtained patents against at least nine (9) businesses or individuals.

13. The number of franchises PCC has sold is currently unknown but PCC has sold each of its patent-based franchises knowing its “rights” were fraudulently obtained and wrongfully maintained.

14. Rifley, Jr., through his dbas Channel Islands Sawing and Channel Islands Sidewalk Grinding, is engaged in the business of concrete cutting, including the cutting of sidewalks.

15. Rifley, Sr., is the father of Rifley, Jr. and works part time on behalf of Rifley, Jr.'s business. Specifically, Rifley, Sr. handles certain administrative matters for Rifley, Jr.'s business, such as issuing checks to pay bills, providing job estimates to private entities for concrete grinding (but not sawing), and occasionally answering the business's telephone. Rifley, Sr., is not an owner of Rifley, Jr.'s business and does not otherwise cut concrete or engage in any business related to concrete cutting.

16. PCC is a franchisor that offers franchises for concrete cutting throughout the United States, including in the state of California.

17. PCC has several franchisees doing business in the State of California.

18. PCC has alleged that it is the exclusive assignee of U.S. Patent Nos. 7,402,095; 7,143,760; 7,201,644; and 6,827,074

(collectively "PCC Patents").

19. On January 22, 2010 PCC filed a Complaint for Patent Infringement ("Complaint") against Counterclaimants regarding the PCC Patents.

20. On January 22, 2010 PCC also filed an Application for Temporary Restraining Order and Preliminary Injunction against Channel Islands ("Application for TRO/PI").

21. On January 22, 2010, the Honorable James Ware of the United States District Court for the Northern District of California denied PCC's Application for a Temporary Restraining Order.

22. On March 15,2010, PCC filed its Amended Complaint.

23. Based upon the Complaint, the Application for TRO/PI, and the Amended Complaint filed by PCC, an actual case or controversy exists as to whether the PCC Patents are valid and infringed.

**First Claim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 7,402,095)

24. Counterclaimants re-allege and incorporate by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

25. Counterclaimants have not infringed and are not now infringing either literally or by the application of the doctrine of equivalents any claim of U.S. Patent No. 7,402,095.

26. Counterclaimants have not induced and are not now inducing or contributing to the infringement of any claim of U.S. Patent No. 7,402,095 by others either directly or indirectly, or



Selman Breitman LLP
ATTORNEYS AT LAW

literally or by application of the doctrine of equivalents.

**Second Claim for Relief**

Declaration of Non-Infringement of U.S. Patent No. 7,143,760 by Counterclaimant Rifley, Jr.)

27. Counterclaimants re-allege and incorporate by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

28. Counterclaimants have not infringed and are not infringing either literally or by the application of the doctrine of equivalents any claim of U.S. Patent No. 7,143,760.

29. Counterclaimants have not induced and are not now inducing or contributing to the infringement of any claim of U.S. Patent No. 7,143,760 by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

**Third Claim for Relief**

(Declaration of Invalidity of U.S. Patent Nos. 7,402,095. 7,143,760, 7,201,644, and 6,827,074 by Counterclaimant Rifley, Jr.)

30. Counterclaimants re-allege and incorporate by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

31. Each claim of U.S. Patent Nos. 7,402,095, 7,143,760, 7,201,644, and 6,827,074 (the asserted "PCC patents") are invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 e/ seq., including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**Fourth Claim for Relief**

Declaration of Unenforceability of U.S. Patent Nos. 7,402,095, 7,143,760, 7,201,644, and 6,827,074 by Counterclaimant Rifley, Jr. Due to Inequitable Conduct Before the USPTO)

32. Counterclaimants re-allege and incorporate by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

33. The named inventor and PCC intentionally failed to disclose material information to the USPTO, i.e., M. Ballard Gardner's invalidating sale of the claimed inventions, in order to obtain the PCC patents on ideas that rightfully belonged to the public at the time of filing.

34. The PCC patents are therefore unenforceable based on the above-described inequitable conduct before the USPTO.

**Fifth Claim for Relief**

(Declaration of Unenforceability of U.S. Patent Nos. 7,402,095, 7,143,760, 7,201,644, and 6,827,074 by Counterclaimant Rifley, Jr. Due to Walker Process Antitrust Conduct)

35. Counterclaimants re-allege and incorporate by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

36. The asserted PCC patents were obtained by the above-described knowing and willful misrepresentations and omissions before the USPTO.

37. The named Inventor and PCC were aware of the fraud when PCC brought this suit.

38. The asserted PCC patents would not have issued but for the misrepresentations and omissions before the USPTO as a sale of the patented device or methods before the critical date is a statutory bar to issuance.

39. PCC's fraudulent and anticompetitive conduct has harmed the public by its unjustified infringement suits, its fraudulent obtaining and maintaining of its patent-based franchise, and by a weakening of the patent system.

**Sixth Claim for Relief**

(Declaration of Violation of 18 U.S.C. §§ 1962)

40. PCC has engaged in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962 ("Section 1962").

41. PCC has engaged in mail, fax, telephone and/or internet fraud by using these instrumentalities to systematically research and contact potential "infringers," and to enforce its fraudulently obtained patents.

42. PCC has also used these instrumentalities to systematically advertise, solicit for, and enforce its fraudulently obtained franchises.

43. PCC has also used these instrumentalities and the federal courts to systematically enforce its fraudulently obtained patents and franchises.

44. PCC has systematically used the above instrumentalities to misrepresent its intellectual property rights and cause

Selman Breitman LLP
ATTORNEYS AT LAW

financial and professional harm to others and obtain professional and financial advantage for itself.

45. PCC's systematic activity, in violation of Section 1962, has directly caused harm to Mr. Rifley Jr.

## **Prayer for Relief**

WHEREFORE, Counterclaimants pray for the following relief:

That the Court enter a declaratory judgment finding that Bryan Patrick Rifley, Sr., is not liable for infringement of the PCC patents;

That the Court enter a declaratory judgment finding that Bryan Patrick Rifley, Jr., is not liable for infringement of the PCC patents;

That the Court enter a declaratory judgment finding that BPR, Inc., is not liable for infringement of the PCC patents;

That the Court enter a declaratory judgment finding that the claims of the PCC Patents are invalid;

That the Court enter a declaratory judgment finding that PCC's asserted marks are not valid and enforceable trademarks;

That the Court enter a declaratory judgment finding that Defendants do not infringe PCC's asserted marks, either under the Lanham Act or under California common law;

That the Court enter a declaratory judgment finding that Defendants have not diluted PCC's asserted marks;

That the Court enter a declaratory judgment finding that Defendants have not intentionally interfered with the prospective economic advantage of PCC;

That the Court enter a declaratory judgment finding that Defendants have not engaged in unfair competition under California Business & Professions Code §§ 17200, et seq.; and

That the Court grant such other and further relief as deemed equitable and just.

That the Court enter a declaratory judgment finding that each of the claims of the PCC patents are invalid;

That the Court enter a declaratory judgment finding that each of the claims of the PCC patents are unenforceable;

That the court award Mr. Rifley Jr. treble damages for PCC's Walker Process violations;

That the court award Mr. Rifley Jr. treble damages, punitive damages, attorney fees, and litigation costs for PCC's Section 1962 violations.

**DEMAND FOR JURY TRIAL**

Defendants and Counterclaimants demand trial by jury on all claims and issues so triable.

DATED: September 10, 2010 SELMAN BREITMAN LLP

By: /S/Monica Cruz Thornton
MONICA CRUZ THORNTON
Attorneys for Defendants
BRYAN PATRICK RIFLEY DBA CHANNEL ISLANDS SAWING, CO., AN INDIVIDUAL; BRYAN PATRICK RIFLEY JR. DBA CHANNEL ISLANDS SIDEWALK GRINDING AND CHANNEL ISLANDS SAWING, AN INDIVIDUAL