Philip J. Wang (SBN 218349)
Law Office of Philip J. Wang
160 Bovet Rd. Ste 310
San Mateo, CA 94402
Tel: 650.521.9020
phil@philwanglaw.com

Ramon L. Pizarro (Pro Hac Vice, Colorado SBN 21400)
Law Office of Ramon L. Pizarro
3515 South Tamarac Drive, Ste. 200
Denver, CO 80237
Tel: 303.779.9551
ramon@ramonpizarro.com

*Counsel for Plaintiff Precision Concrete Cutting, Inc.*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PRECISION CONCRETE CUTTING, Inc., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN PATRICK RIFLEY dba CHANNEL ISLANDS SAWING, CO., an individual;<br><br>BRYAN PATRICK RIFLEY JR. dba CHANNEL ISLANDS SIDEWALK GRINDING and CHANNEL ISLANDS SAWING, an individual; and<br><br>BPR, INC. dba CHANNEL ISLANDS SIDEWALK GRINDING, a California corporation,<br><br>Defendants. | **CASE NO. C10-00310 RS**<br><br>**PLAINTIFF'S PRECISION CONCRETE CUTTING, INC'S REPLY TO COUNTERCLAIMS** |

Plaintiff, Precision Concrete Cutting, Inc. ("Precision") hereby answers Defendants and Counterclaimants Bryan Patrick Rifley ("Rifley, Sr."), Bryan Patrick Rifley, Jr. dba Channel Islands Sidewalk Grinding and Channel Islands Sawing ("Rifley, Jr."), and BPR, Inc., dba Channel Islands Sidewalk Grinding, and hereby asserts that Precision denies any and all

allegations contained in the Counterclaim not specifically admitted herein, and further replies and answers Defendants' Counterclaims as follows (paragraph numbers of this Reply correspond to same paragraph numbers as Counterclaims):

**Jurisdiction and Venue**

1. Admitted as to issues pertaining to U.S. Patents Nos. 7,402,095 and 7,143,760, but denied as to U.S. Patents Nos. 7,201,644, and 6,827,074 as there is no case or controversy pertaining to the U.S. Patents Nos. 7,201,644, and 6,827,074.

2. Admitted.

3. Admitted.

**Factual Background**

4. Denied.

5. Plaintiff admits that according to documents field with the Securities and Exchange Commission ("SEC"), a statement is made in these documents that Mr. Ballard Gardner developed a cutting system in 1991, and that the statement goes on to indicate that Mr. Gardner "has been successfully using it to service state, county, and municipal facilities, as well as private entities in Utah ever since." Any and all other allegations contained in Paragraph 5 of the Counterclaims are denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. Plaintiff admits that Rifley, Sr. is the father of Rifley, Jr., and that Rifley,

Jr. and Rifley, Sr. work together. Plaintiff does not have sufficient information to admit or deny other allegations made in Paragraph 15 of the Counterclaims, and therefore denies the same.

16. Admitted.

17. Admitted.

18. Precision admits that it has alleged that it is the exclusive assignee of U.S. Patents Nos. 7,402,095 and 7,143,760. Plaintiff further asserts that while it admits that it is the exclusive assignee of U.S. Patents Nos. 7,201,644 and 6,827,074, it has not and does not assert U.S. Patents Nos. 7,201,644 and 6,827,074 in its Complaint (the second amended complaint), and thus denies that it alleged that it is the exclusive assignee in its active Complaint, pertaining to which this is a reply. Any and all other allegations contained in Paragraph 18 of the Counterclaims are denied.

19. Plaintiff admits that on January 22, 2010, it filed a complaint that has been superceded by a second amended complaint for which this is a reply, and Plaintiff further admits that in the superceded complaint of January 22, 2010, U.S. Patents Nos. 7,402,095; 7,143,760; 7,201,644; and 6,827,074 had been asserted. Any and all other allegations contained in Paragraph 19 of the Counterclaims are denied.

20. Plaintiff admits that on January 22, 2010, Plaintiff filed an Application for a Temporary Restraining Order regarding U.S. Patents Nos. 7,402,095 and 7,143,760 only, which are also the only patents currently being asserted in this case. Any and all other allegations contained in Paragraph 20 of the Counterclaims are denied.

21. Plaintiff admits that the Honorable James Ware addressed, considered, and denied an Application for Temporary Restraining Order limited to U.S. Patents Nos. 7,402,095 and 7,143,760, the only patents being asserted in this case. Any and all other allegations contained in Paragraph 21 of the Counterclaims are denied.

22. Plaintiff admits that on March 15, 2010, it filed its first amended complaint, which has been superceded by the second amended complaint, to which this is a reply. Any and all other allegations contained in Paragraph 22 of the Counterclaims are denied.

23. Plaintiff admits that an actual case or controversy exists regarding between

the parties as to U.S. Patents Nos. 7,402,095 and 7,143,760, and as to Plaintiffs claims arising out of unfair competition by defendants. Any and all other allegations contained in Paragraph 23 of the Counterclaims are denied.

**Reply to First Counterclaim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 7,402,095)

24. Paragraph 24 of the Counterclaims is an inclusion clause that does not require a response.

25. Denied.

26. Denied.

**Reply to Second Counterclaim for Relief**

(Declaration of Non-Infringement of U.S. Patent No. 7,143,760 by Counterclaimant Rifley, Jr.)

27. Paragraph 27 of the Counterclaims is an inclusion clause that does not require a response.

28. Denied.

29. Denied.

**Reply to Third Counterclaim for Relief**

(Declaration of Invalidity of U.S. Patents Nos. 7,402,095, 7,143,760, 7,201,644, and 6,827,074 by Counterclaimant Rifley, Jr.)

30. Paragraph 30 of the Counterclaims is an inclusion clause that does not require a response.

31. Denied.

**Reply to Fourth Counterclaim for Relief**

(Declaration of Unenforceability of U.S. Patents Nos. 7,402,095, 7,143,760, 7,201,644, and 6,827,074 by Counterclaimant Rifley, Jr. Due to Inequitable Conduct Before the USPTO)

32. Paragraph 33 of the Counterclaims is an inclusion clause that does not require a response.

33. Denied.

34. Denied.

**Reply to Fifth Counterclaim for Relief**

(Declaration of Unenforceability of U.S. Patents Nos. 7,402,095, 7,143,760, 7,201,644, and 6,827,074 by Counterclaimant Rifley, Jr. Due to Walker Process Antitrust Conduct)

35. Paragraph 35 of the Counterclaims is an inclusion clause that does not require a response.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**Reply to Sixth Counterclaim for Relief**

(Declaration of Violation of 18 U.S.C. Section 1962)

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**Relief Requested By Counterclaimant(s)**

Precision denies that the Counterclaimant(s) are entitled to the relief requested.

**First Affirmative Defense**

Counterclaimant(s) Third, Fourth, Fifth, and Sixth Claims for relief fail to state claims upon which relief can be granted.

**Second Affirmative Defense**

Counterclaimant(s) Third, Fourth, Fifth, and Sixth Claims for relief are barred in whole or in part by the applicable statute of limitations.

**Third Affirmative Defense**

Counterclaimant(s) Third, Fourth, Fifth, and Sixth Claims for relief are barred by the doctrine of lachess.

**Fourth Affirmative Defense**

U.S. Patents Nos. 7,201,644, and 6,827,074 are not being asserted in Plaintiff's complaint, Plaintiff does not allege infringement of these patents or point to any structure incorporated in equipment used by Defendants or identify any specific activity carried out by Defendants that is covered by any of the claims of these patents, and Counterclaimant(s) do not point to any structure that is incorporated in any of their equipment or any activities that are carried out by counterclaimants that is alleged to be covered by the claims of these patents, and therefore Counterclaimant(s) merely seek an advisory opinion from this Court regarding a hypothetical piece of equipment, action for which this Court has no subject matter jurisdiction as there is no case or controversy pertaining to these patents.

**Fifth Affirmative Defense**

Counterclaimant(s) Fifth Claim for relief fails to identify the relevant market for antitrust purposes, and therefore fails to state a claim for which relief can be granted.

**Sixth Affirmative Defense**

Plaintiff does not have market power, as recognized by the antitrust laws, in any market relevant product or geographic market relevant to Counterclaimant(s) Fifth Claim for relief.

**Seventh Affirmative Defense**

There are no substantial barriers to entry and expansion into any relevant market implicated by any of the allegations supporting Counterclaimant(s) Fifth Claim for relief.

**Eighth Affirmative Defense**

Plaintiff does not have the power to control prices and exclude competition in any product or geographic market relevant to Counterclaimant(s) Fifth Claim for relief.

**Ninth Affirmative Defense**

Counterclaimant(s) fail to aver fraud with specificity as required by Fed. R. Civ. P. 9(b) to support their Fourth, Fifth and Sixth Claim for relief, and thus fail to set forth claims for which relief can be granted.

WHEREFORE, Precision prays for judgment against Defendants as follows:

A. For a judgment dismissing Defendants' Counterclaims with prejudice;

B. For an award of attorney's fees, costs, and expenses in this action; and

C. For such further relief as this Court deems just and proper.

Dated October 4, 2010

LAW OFFICE OF PHILIP J. WANG
Philip J. Wang

LAW OFFICE OF RAMON L. PIZARRO
s/Ramon Pizarro
Ramon L. Pizarro (admitted *Pro Hac Vice*)
*Attorneys for Plaintiff and Counterclaim Defendant*
PRECISION CONCRETE CUTTING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFF'S PRECISION CONCRETE CUTTING, INC'S REPLY TO COUNTERCLAIMS** to be served, via Electronic Noticing, via this Court's CM/ECF system, on this 4th day October, 2010 to the foregoing:

Monica Cruz Thornton
*mthornton@selmanbreitman.com*
Seman Breitman LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025-6538

Julie S. Turner
*turner@turnerboyd.com*
Turner Boyd LLP
2625 Middlefield Road #675
Palo Alto, California 94306

s/Ramon Pizarro ____
Ramon L. Pizarro